UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
SYDNEY NURSE,

                Plaintiff,

-against-                                  06 Civ. 13500 (LAK)

CONCEPTS IN STAFFING, INC., et ano.,

                Defendants.
------------------------------------------x

                **ORDER**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/07
```

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff in this employment discrimination action moves for an order compelling defendants to disclose "their financial records from 2001 to present, including: (a) all of Defendant CIS's annual reports, tax returns, income statements, bank statements and balance sheets for that time period, and (b) all of Defendant Abrams' tax returns, including all schedules, worksheets and attachments from 2001 to present." Defendants, not surprisingly, object and the grounds of relevance and, to the extent that plaintiff seeks tax returns, their quasi-"privileged" status.

        Plaintiff's only nod in the direction of establishing relevance is the assertion that she is "entitled to these financial records to calculate and assess punitive damages, as well as to ascertain her ability to collect a judgment." But that does not come close to doing it.

        As an initial matter, plaintiff cites no authority for the proposition that a plaintiff in a civil case is entitled to discovery to determine a defendant's ability to satisfy a judgment. Ordinarily, the time for determining the ability to satisfy a judgment is after a judgment has been obtained.

        Second, discovery of tax returns is available only upon a showing more exacting than is required for other discovery. *E.g., Gates v. Wilkinson,* 2005 WL 758793, at *1-2 (N.D.N.Y. Apr. 5, 2005). Plaintiff has not made such a showing.

        Third, there will be no need for discovery with respect to the defendants assets in connection with punitive damages unless and until a jury finds liability and elects to award punitive damages, leaving only the amount for determination. In order to avoid any further problems, the

Court hereby severs the issue of the amount of any punitive damages from all of the other issues in the case. Liability, damages, and liability for punitive damages will be tried first. If the trier of fact elects to award punitive damages, plaintiff then would be entitled to appropriate information concerning the defendants' finances.

Accordingly, plaintiff's motion is denied in all respects. The issue of the amount of punitive damages, if any, to be awarded is severed for separate trial as indicated above.

SO ORDERED.

Dated: July 3, 2007

_____
Lewis A. Kaplan
United States District Judge